SLIP OPINION

Cite as 2015 Ark. 125

# SUPREME COURT OF ARKANSAS

No. CR–14–760

|  |  |  |
|---|---|---|
| SUSAN HOUGHTON | | **Opinion Delivered** March 19, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. CR-11-141] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE WILLIAM M. PEARSON, JUDGE |
| | | <u>REBRIEFING ORDERED.</u> |

**PER CURIAM**

Appellant Susan Houghton appeals from a Johnson County Circuit Court order denying, without a hearing, her Rule 37 petition. For reversal, Houghton contends that the circuit court erred in denying her a hearing based on her contention that, during her trial, the prosecutor violated her rights under the Fifth Amendment to the United States Constitution by referencing Houghton's decision not to testify. We are precluded from reaching the merits of Houghton's argument, however, due to a deficient abstract.

Arkansas Supreme Court Rule 4-2(a)(5) provides, in relevant part:

(5) *Abstract. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court* to confirm its jurisdiction, to understand the case, and *to decide the issues on appeal.*

    (A) Contents. *All material information recorded in a transcript (stenographically reported material) must be abstracted.* Depending on the issues on appeal, material information may be found in, for example, *counsel's statements* and arguments, voir dire, testimony, objections, admissions of evidence, proffers, colloquies between the court and counsel, jury instructions (if transcribed), and rulings. All material parts of all hearing transcripts, trial transcripts, and deposition transcripts must be abstracted, *even if they are an exhibit to a motion or other paper.*

> Exhibits (other than transcripts) shall not be abstracted. Instead, material exhibits shall be copied and placed in the addendum. If an exhibit referred to in the abstract is in the addendum, then the abstract shall include a reference to the addendum page where the exhibit appears.

Ark. Sup. Ct. R. 4-2(a)(5)(A) (emphasis added).

While Houghton has included a transcript of the prosecutor's opening statement in her addendum, she has failed to abstract any portion of that transcript. The transcript was appended to her petition for Rule 37 relief. The material in the transcript was the basis for Houghton's request for Rule 37 relief. Thus, the transcript material is essential for this court to decide the issues on appeal, and our rules require such material to be abstracted.

Due to Houghton's failure to comply with our rule concerning abstracting, we order Houghton to file a substituted brief, curing the deficiencies in the abstract within fifteen days from the date of entry of this order pursuant to Rule 4-2(b)(3). After service of the substituted brief, the State shall have the opportunity to file a responsive brief in the time prescribed by the supreme court clerk, or it may choose to rely on the brief previously filed in this appeal. While we have noted the above-mentioned deficiency, we encourage Houghton's counsel to review Rule 4-2 in its entirety as it relates to the abstract and addendum

Rebriefing ordered.

*Ernie Witt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.